Cynthia Z. Levin, Esq. (Bar No. 27050)
Law Offices of Todd M. Friedman, P.C.
1150 First Avenue, Suite 501
King of Prussia, PA 19406
Phone: 877-206-4741
Fax: 866-633-0228
clevin@attorneysforconsumers.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CUMMIE WASHINGTON on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> EDUCATIONAL COMPUTER SYSTEM, INC, <br><br> Defendant. | Case No. <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. VIOLATIONS OF ELECTRONIC FUNDS TRANSFER ACT [15 U.S.C. §1693 ET SEQ.] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff CUMMIE WASHINGTON ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following against Defendant EDUCATIONAL COMPUTER SYSTEM, INC, upon information and belief based upon personal knowledge:

**INTRODUCTION**

1.      Plaintiff's Class Action Complaint is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2.      Plaintiff, individually, and on behalf of all others similarly situated,

brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants debiting Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

4.      Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5.      Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Plaintiff resides within this District and Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

6.      Plaintiff, Cummie Washington ("PLAINTIFF"), is a natural person residing in Allegheny County in the state of Pennsylvania, and is a "consumer" as defined by the EFTA.

7.      At all relevant times herein, DEFENDANT, Educational Computer System, Inc ("DEFENDANT") is a company in the business of providing debt collection and other financial services to universities.

8.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS - EFTA

9.     Through high pressured tactics Defendant pushed Plaintiff to enter into an oral agreement with Defendant on or about February 24, 2017.

10.     Plaintiff provided Defendant's agent with her debit card number to set up auto payments with Defendant.

11.     Defendant subsequently began automatically withdrawing $50.00 per month from Plaintiff's account.

12.     Defendant continues to deduct sums from her account, on a regular basis, in order to make payments towards the debt Plaintiff allegedly owes.

13.     Plaintiff alleges such activity to be in violation of the Electronic Funds Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA"), and its surrounding regulations, including, but not limited to, 12 C.F.R. §§1005.7, 1005.8, and 1005.9.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons in the United States whose bank accounts were debited on a reoccurring basis by Defendants without Defendants obtaining written authorization for preauthorized electronic fund transfers within the one year prior to the filing of this Complaint.

15.     Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States whose bank account was debited on a recurring basis by Defendants without Defendants obtaining a written authorization for preauthorized electronic for preauthorized electronic fund transfers within the one

year prior to the filing of this Complaint.

16.     Defendants, their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believe the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

17.     The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes hundreds, if not thousands, of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendants.

18.     This suit is properly maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) because the Class is so numerous that joinder of the Class members is impractical and the disposition of their claims in the class action will provide substantial benefits both to the parties and to the Court.

19.     There are questions of law and fact common to the Class affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members and include, but are not necessarily limited to, the following:

a.      The members of the Class entered into agreements with Defendant and have automatic, or recurring, electronic payments drawn from their personal accounts to be paid to Defendants.

b.      The members of the Class were not provided with, nor did they execute, written agreements memorializing the automatic or recurring electronic payments.

c.      Defendants did not request, nor did it provide, Class members with written agreements memorializing the automatic or recurring electronic payments.

d.      The members of the Class did not provide either a written ("wet") or otherwise electronic signature authorizing the automatic or recurring electronic payments.

e.      Despite not providing written or electronic authorization for payments to be drawn from their accounts, Defendants took unauthorized payments from Class members' accounts.

20.      As someone whose bank account was debited on a reoccurring basis by Defendants without Defendants obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers, Plaintiff is asserting claims that are typical of The Class.

21.      Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

22.      A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

23.      The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such

adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

24.     Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

25.     Defendants failed to comply with the writing and notice requirements of § 907(a) of the EFTA, 15 U.S.C. § 1693e(a) as to the Class members with respect to the above alleged transactions.

26.     Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

27.     Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

28.     Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p ]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

29.     Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

30.     In multiple instances, Defendants debited bank accounts of the Class

members on a recurring basis without obtaining a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic fund transfers from the accounts of the respective Class members, thereby violating § 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

31.    In multiple instances, Defendants debited Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by the respective Class members for preauthorized electronic funds transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

32.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable because, on information and belief, the putative class consists of hundreds, if not thousands, of individuals and is so numerous that joinder of all putative class members, whether otherwise required or permitted, is impracticable. The actual number of putative class members is in the exclusive control of Defendant.

33.    Pursuant to Fed. R. Civ. P. 23, a class action is appropriate and preferable, because Plaintiff will fairly and adequately protect the interests of the Class and Plaintiff has hired counsel able and experienced in class action litigation.

34.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because this Court and the parties would enjoy economies in litigating common issues on a class-wide basis instead of a repetitive individual basis.

35.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate because the size of each putative class member's actual damages is too small to make individual litigation an economically viable option.

36.    Pursuant to Fed. R. Civ. P. 23(b)(3), class certification is appropriate

because no unusual difficulties will likely occur in the management of the Class as all questions of law or fact to be litigated at the liability stage are common to the putative class and all compensatory relief is concomitant with a liability finding and can be calculated by automated and objective means.

37.    The size and definition of the Class can be identified through Defendant's records and/or Defendant's agents' records.

<u>COUNT I:</u>
<u>DEFENDANTS VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT</u>
**(On Behalf of Plaintiff and the Class)**

38.    Section 907(a) of the EFTA, 15 U.S.C. §1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

39.    Section 903(9) of the EFTA, 15 U.S.C. § 1693a(9), provides that the term "preauthorized electronic fund transfer" means "an electronic fund transfer authorized in advance to recur at substantially regular intervals."

40.    Section 205.l0(b) of Regulation E, 12 C.F.R. § 205.l0(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

41.    Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.l0(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization." *Id.* at ¶10(b), comment 5. The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at

¶10(b), comment 6.

42.     In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without obtaining a written authorization signed or similarly authenticated for preauthorized electronic fund transfers from Plaintiff's and also the putative Class members' accounts, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

43.     In multiple instances, Defendants have debited Plaintiff's and also the putative Class members' bank accounts on a recurring basis without providing a copy of a written authorization signed or similarly authenticated by Plaintiff or the putative Class members for preauthorized electronic fund transfers, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.l0(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Cummie Washington, individually, and on behalf of all others similarly situated, respectfully requests judgment be entered against Defendant, Educational Computer System, Inc, for the following:

44.     That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

45.     Statutory damages of $1,000.00, per Class Member, pursuant to the Electronic Fund Transfer Act, §916(a)(2)(A);

46.     Actual damages;

47.     Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, §916(a)(3);

48.     For prejudgment interest at the legal rate; and

49.     Any other relief this Honorable Court deems appropriate.

///

## TRIAL BY JURY

50.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 29th day of August, 2017.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:    s/Cynthia Z. Levin
**Cynthia Z. Levin, Esq.**
**Law Offices of Todd M. Friedman, P.C.**
**1150 First Avenue, Suite 501**
**King of Prussia, PA 19406**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**clevin@attorneysforconsumers.com**
**Attorney for Plaintiff**